UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO. 5:13-123 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| GLENN E. MCGOWAN, | ) | |
| | ) | |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the motion to revoke detention order and set bond (DE 83) filed by the defendant Glenn E. McGowan. The defendant is charged, along with various codefendants, with conspiring to possess heroin with intent to distribute it and with possessing heroin with the intent to distribute it. The magistrate judge determined that McGowan should be detained pending trial because no condition or combination of conditions would reasonably assure the safety of the community if he were released. McGowan moves for a review of that order pursuant to 18 U.S.C. § 3145(b).

The Court reviews the detention order *de novo*. *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir.1992). In conducting that review, the Court has reviewed the Pretrial Services Report (PSR) prepared by the United States Probation Office (USPO), the transcript of McGowan's detention hearing, the magistrate judge's detention order, and McGowan's motion seeking this Court's review. With his motion, the defendant does not discuss any evidence that has not already been presented or filed in the record. Accordingly, the Court finds that an additional hearing is not necessary.

The Bail Reform Act, 18 U.S.C. § 3142, governs the release or detention of a defendant pending trial. Under the Act, a defendant may be detained pending trial only if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). A judicial officer's finding of dangerousness must be "supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B).

McGowan's drug charges subject him to a maximum prison term of ten years or more. 21 U.S.C. § 841(b). Thus, under the Act, he is subject to a rebuttable presumption that "no condition or combination of conditions will reasonably assure" his appearance as required and the safety of the community. 18 U.S.C. § 3142(e)(3).

The magistrate judge determined that McGowan offered sufficient credible evidence to rebut the presumption of nonappearance but that he did not offer sufficient credible evidence to rebut the presumption that he poses a danger to the community. In reaching this conclusion, the magistrate judge noted that the USPO recommended detention based on the seriousness of the charges against McGowan and his prior felony convictions, including drug convictions. The magistrate judge further considered that neither McGowan's mother nor his sister, both of whom testified at the detention hearing, offered any testimony that diminished the risk of danger posed by the defendant. The magistrate judge also considered that McGowan admitted that he used alcohol and marijuana daily and that he used crack and ecstasy about twice a month.

The magistrate judge also considered whether detention was appropriate under the factors set forth in 18 U.S.C. § 3142(g). In considering these factors, the magistrate judge noted that McGowan faces serious charges with a mandatory minimum sentence of

ten years because of his prior felony conviction. The magistrate judge noted McGowan's history of drug use and concluded that McGowan's lack of employment suggested that he may return to drug trafficking as a means of support. The magistrate judge also considered McGowan's criminal history including charges of fleeing and evading police, possessing marijuana, and delivering/manufacturing a controlled substance. The magistrate judge noted that McGowan's family offered sincerity and stability but that his family support had failed to motivate him to behave appropriately in the past.

After reviewing the hearing transcript and the PSR, the Court agrees with the magistrate judge's conclusion. In his motion for a review of the magistrate judge's order, McGowan argues that his mother and sister testified that they would ensure that McGowan would appear in court as directed and that the bond report determined that risk of flight is not an issue. This is all true but is relevant only to the risk of nonappearance. McGowan is being detained because of the danger he poses to the community.

On this point, McGowan argues only that his mother and sister testified that he had a low risk of violence. It is true that McGowan's mother and sister both testified that they did not believe he posed a danger to the community or that he had a history of violence. The Court finds their testimony to be sincere. But the Court must nonetheless consider the inherently dangerous business that McGowan was allegedly involved in – the distribution of heroine. Furthermore, "the risk that a defendant will continue to engage in drug trafficking constitutes" a danger to the community. *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (quoting S. Rep. No. 98-225, at 3196 (1984).)

For all these reasons and those stated by the magistrate judge in his order dated September 23, 2013, the Court finds by clear and convincing evidence that there are no conditions of McGowan's release that could assure the safety of the community. Thus the Court hereby ORDERS that McGowan's motion to revoke detention order and set bond (DE 83) is DENIED.

Dated this 23rd day of October, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge